# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case 24-8537 |
| | ) | |
| Cecelia Gonzalez, | ) | Chapter 13 |
| a/k/a Cecilia Acosta | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |

## BYLINE BANK'S OBJECTION TO DEBTOR'S
## MOTION TO EXTEND THE AUTOMATIC STAY

Byline Bank f/k/a North Community Bank ("**Byline**"), successor-by-merger to Plaza Bank, secured creditor in the above-captioned Chapter 13 case, by and through its undersigned attorney, files this objection to the debtor's motion to extend the automatic stay (the "**Motion**") and in support thereof, Byline states as follows:

### INTRODUCTION

Because this *third* Chapter 13 case was filed within one year of the dismissal of the debtor's *second* bankruptcy case, the automatic stay is set to automatically terminate on the 30th day after the filing of this case. Consequently, on June 25, 2024, the debtor filed the Motion to extend the automatic stay pursuant to §362(c)(3) of the Bankruptcy Code. Nonetheless, for the reasons outlined below, the debtor's Motion should be denied.

### PARTIES AND BACKGROUND

On October 3, 2003, the debtor and her husband, Amado Acosta (collectively, the "**Borrowers**"), executed a promissory note in favor of Plaza Bank (now Byline) in the original principal amount of $205,000.00 ("**Note I**"). Note I is secured by a mortgage (the "**3612 Mortgage**") dated October 3, 2003 against the real property and improvements located at 3612 W. Roosevelt Road, Chicago, Illinois (the "**3612 Property**"). The 3612 Property consists of a commercial warehouse on the first floor with two apartments on the second floor.

On February 16, 2007, the debtor and her husband executed another promissory note in favor of Plaza Bank in the original principal amount of $94,000.00 ("**Note II**"). Note II is secured by a mortgage dated February 16, 2007 against the real property located at 3623-25 W. Roosevelt Road, Chicago, Illinois (the "**3623-25 Property**"). The 3623-25 Property consists of two vacant lots.

As a result of the Borrowers' failure to pay the monthly installments due and owing under Note I, Byline filed, on March 22, 2017, a complaint in the Circuit Court of Cook County to foreclose the 3612 Mortgage styled: *Byline Bank v. Cecilia Acosta a/k/a Cecelia Gonzalez, et al*.-17 CH 4127 (the "**First Foreclosure**"). As a result of the Borrowers' reinstatement of the 3612 Mortgage, the First Foreclosure was dismissed on February 20, 2018. Not long thereafter, Note I was again in default for failure to pay the monthly installments due and owing under Note I and on July 23, 2019, Byline filed a second complaint in the Circuit Court of Cook County to again foreclose the 3612 Mortgage styled: *Byline Bank v. Cecilia Acosta a/k/a Cecelia Gonzalez, et al*.-19 CH 8606 (the "**Second Foreclosure**").

On January 22, 2020, a judgment of foreclosure and sale was entered in the Second Foreclosure. A judicial sale of the 3612 Property was scheduled for April 23, 2020 which was continued to June 1, 2020 due to the moratorium on judicial sales as a result of COVID-19. On May 13, 2020, the debtor filed her first Chapter 13 bankruptcy case (20-10918) (the "**First Bankruptcy**") resulting in the cancellation of the scheduled judicial sale. Byline filed an objection to confirmation of the debtor's proposed Chapter 13 plan and the trustee filed a motion to dismiss the case for unreasonable delay and failure to make plan payments. On November 3, 2020, the debtor's First Bankruptcy was dismissed. Notwithstanding the dismissal of the First Bankruptcy, Byline was unable to proceed with a judicial sale because of the continuing COVID-19 moratorium. Before the moratorium was lifted and Byline could reschedule a judicial sale, the debtor filed a second Chapter 13 bankruptcy (21-01498) on February 3, 2021 (the "**Second Bankruptcy**"). Throughout the Second Bankruptcy, the debtor was continually delinquent in paying the real estate taxes for the 3612 Property and 3623-25 Property and Byline was forced to file multiple motions to modify the stay as a result

2

SKENIG/603039

thereof.  Furthermore, during the Second Bankruptcy, the trustee filed five (5) separate motions to dismiss the case due to the debtor's failure to make plan payments or other material defaults. In each instance, the debtor paid the delinquent taxes and/or cured the plan defaults but only after Byline filed a motion to modify the stay or the trustee filed a motion to dismiss the case.

Finally, on April 22, 2024, Judge Cleary granted Byline's motion to modify the stay and also granted the United States Small Business Administration's ("**SBA**") motion to dismiss the Second Bankruptcy for a material default under the confirmed plan.  With the stay lifted and the Second Bankruptcy case dismissed, Byline rescheduled a judicial sale in the Second Foreclosure for June 11, 2024.  To stop that judicial sale from occurring, the debtor filed this third Chapter 13 bankruptcy case (the "**Third Bankruptcy**").  Note I has now matured on October 3, 2023 and Note II matured on February 16, 2017.  As of June 11, 2024, the aggregate amount due and owing under Note I and Note II was $309,170.63.

## ARGUMENT

As noted above, since the Third Bankruptcy was filed within one year of the dismissal of the Second Bankruptcy, the automatic stay will automatically terminate on the 30th day after the filing of the Third Bankruptcy which is July 10, 2024.  Consequently, on June 25, 2024, the debtor filed a motion to extend the automatic stay pursuant to §362(c)(3) of the Bankruptcy Code.  However, §362(c)(3)(B) provides that the "court may extend the stay . . . only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."  More importantly, because of the pendency of the Second Bankruptcy within the preceding one year period and its subsequent dismissal within said one year period as a result of the debtor's failure to perform the terms of the confirmed plan, a presumption exists under §362(c)(3)(C) that the Third Bankruptcy was not filed in good faith.  And although §362(c)(3)(C) provides that such presumption can be rebutted, the statute requires "clear and convincing evidence" to do so.  The

SKENIG/603039

debtor's Motion fails to assert such clear and convincing evidence to rebut the presumption of bad faith.

## A.     Presumption of bad faith filing

In this case, the debtor does not and cannot dispute that the Third Bankruptcy was presumptively filed in bad faith as a result of the dismissal of the Second Bankruptcy within the preceding one year period and in which Byline had filed for and obtained an order lifting the automatic stay for the purposes of continuing the foreclosure of its lien against the 3612 Property. The debtor's history of filing bankruptcy cases to gain the benefit of the automatic stay and thwart Byline's judicial sale is exactly what the Bankruptcy Abuse Prevention and Consumer Protection Act ("**BAPCPA**"), 11 U.S.C. § 101 et seq., was meant to address.  The case of *In re Warren L. Ellis, Sr.*, 339 B.R. 136, 141 (Bankr.E.D.Pa.2006), which rejected the debtor's request to extend the automatic stay, addressed this issue as follows:

> The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), 11 U.S.C. § 101 et seq., made sweeping changes to the rights and remedies of participants in bankruptcy cases filed, as this case was, after the effective date of BAPCPA on October 17, 2005. As its name implies, Congress sought to address what it perceived as abuses of the bankruptcy laws by certain debtors. One such abuse it identified was the invocation of the automatic stay by debtors who have no valid bankruptcy objective in filing their petitions but merely seek to obstruct the exercise of non-bankruptcy remedies by their creditors. Many debtors do not comply with the Code requirements for documentation, payment of fees, attendance at § 341 meetings and/or if applicable, payment of the Chapter 13 trustee. While dismissal of the case inexorably follows, the debtor has nonetheless gotten the benefit of the automatic stay to block the secured creditor's sheriff's sale or an eviction by the landlord. Most commonly in Chapter 13, after dismissal and the rescheduling of the creditor's action, another case may follow — and another — and another — unless and until the cycle is stopped by an order barring a further bankruptcy. As a result of a focused program by the United States Trustee, the concerted efforts of institutional secured creditors and the flexibility of the prior law, the system had responded to this abuse with court orders barring a further petition being granted in order to bring the system back into balance and ameliorate the harm to victims of the abusive cases. These abuses were also the focus of the legislative reform that is now embodied in BAPCPA. The statute takes a different approach to the problem than that which the courts had implemented. Rather than

4

bar serial filings, the statute alters the incentive that gives rise to the petition, *i.e.,* the availability of the automatic stay. *See* 11 U.S.C. § 362(b), § 362(c)(3), § 362(d)(4), § 362(h)(1). New subsection (c)(3) is applicable in this case. It provides that if a case under Chapter 7, 11 or 13 is filed by an individual and if a case of the debtor was pending within the preceding 1 year period but was dismissed, the stay of § 362(a) shall terminate with respect to that debtor on the 30th day after the filing of the later case.

The debtor's abuse of the system in the instant case is a perfect example of what BAPCPA was designed to prevent. And although the debtor has the right to try and rebut the presumption of bad faith, to do so the debtor must provide "clear and convincing evidence" demonstrating that her case was filed in good faith which the debtor has failed to do.

**B.    The debtor has failed to demonstrate by clear and convincing evidence that the Third Bankruptcy was filed in good faith**

Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, that is evidence so clear, direct and weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. *In re David A. Garrett and Raphaella M. Garrett*, 357 B.R. 128,132 (Bankr.C.D.Ill.2006). More importantly, a finding of good faith does not mandate that the court order that the stay be extended. Rather the court may then exercise its discretion to extend the stay. *U.S. Fire Ins. Co. v. Royal Ins. Co.,* 759 F.2d 306, 309 (3d Cir.1985).

Here, in ¶9 of the Motion, the debtor alleges that "the instant case was filed in good faith." This is nothing more than a conclusion. The debtor further argues that her financial condition has changed because she has increased her income and paid off two debts. The debtor also claims that here spouse's income has also increased. These statements by the debtor are suspect. According to Exhibit B attached to the Motion, the debtor claims that her current monthly income is now $4,333.33 and her husband's monthly income is now $5,200.00. Also attached to Exhibit B is

5

Schedule I from the debtor's Second Bankruptcy that shows the debtor's prior monthly income was $3,033.33 and her husband's prior income was $5,200.00 (which does not reflect an increase in income).  However, the Schedule I attached to Exhibit B is not the same Schedule I that was filed in the Second Bankruptcy.  The actual Schedule I that was filed in the Second Bankruptcy is attached hereto as Exhibit 1 which shows the debtor's prior income was $2,800.00 and her husband's prior income was $4,800.00.  Thus, the Schedule I attached to the Motion is false and misleading.  Furthermore, the allegations that the debtor's income and that of her husband has increased is questionable.  While Schedule I shows that the debtor is employed by AFG Acosta Food Group LLC, the debtor fails to mention that this is a family-related business that operates out of the 3612 Property and is currently not in good standing with the Illinois Secretary of State (See, printout from the ILSOS attached hereto as Exhibit 2).  If debtor is really now being paid $4,333.33 from this family company, she should have attached to the Motion copies of W-2 statements confirming that amount.  In terms of her husband, he is employed by LDS Food Distributors which was his own company that was dissolved in 2023 (See, printout from the ILSOS attached hereto as Exhibit 3.  Moreover, the debtor's husband filed his own Chapter 7 bankruptcy in 2021 (21-14160) where a non-dischargeable judgment was entered against him the amount of $373,661.93 (See, Agreed Judgment entered in bankruptcy case attached hereto as Exhibit 4).  Based on the foregoing, the debtor's representation that her husband's monthly income from his own dissolved company of $5,200.00 is not reliable.

The debtor also claims to have paid off two vehicles during the Second Bankruptcy.  Based on Schedule A/B of the Third Bankruptcy, that statement is false.  Attached hereto as Exhibit 5 is a copy of Schedule A/B from the Second Bankruptcy which shows three vehicle loans.  Attached hereto as Exhibit 6 is Schedule A/B from the Third Bankruptcy which still shows the same three

6

SKENIG/603039

vehicle loans. Furthermore, the debtor still has unsecured debt of almost $90,000.00 which includes a money judgment in the amount of $70,566.70 and unpaid legal fees in the amount of $15,350.50. Simply put, between the questionable allegations regarding increased income and misleading statements regarding reduced expenses, there has been no substantial change in the debtor's financial affairs. *See*, *In re Jakovljevic-Ostojic,* 517 B.R. 119, 127 (Bankr.N.D.Ill.2014) (A debtor's lack of candor or completeness in filing schedules is certainly an indication of bad faith).

Lastly, the debtor claims in her motion that the proposed plan "will pay all secured creditors one hundred percent and unsecured creditors seventy percent. The secured claims to Byline Bank and the Small Business Administration will be paid in full through the Chapter 13 Plan." This statement by the debtor is misleading. Regarding Note II, only 48% of the debt will be paid in full. The debtor only proposes paying 70% of the remaining debt. The same is true with the SBA. According to the plan, the SBA is owed $68,000.00 and the plan proposes paying $35,000.00 in full and only 70% of the remaining debt (s*ee*, *In re David A. Garrett and Raphaella M. Garrett*, *supra,* citing *In re Whitaker,* 341 B.R. 336 (Bankr. S.D.Ga.2006) where the second bankruptcy plan provided for a 100% dividend to unsecured creditors, unlike the debtors' plan in the *Garrett* case).

As recognized in *In re David A. Garrett and Raphaella M. Garrett*, *supra* (where the court concluded that the debtors had not rebutted the presumption that their second Chapter 13 bankruptcy was filed in bad faith)*,* one of the factors used to determine good faith was whether the debtor had been forthcoming with the Bankruptcy Court and creditors. Byline would submit that the facts outlined above show that the debtor has not been forthcoming with either this court or its creditors. Citing *In re Charles,* 334 B.R. 207 (Bankr.S.D.Tex. 2005), the *Garret* court case also

7

points out that the essential purpose of a new case cannot be to impose the automatic stay in order to delay a foreclosure, a lawsuit, or other collection activity by a creditor.  That is exactly what the debtor is doing in this case.

In *In the matter of Gibas*, 543 B.R. 570 (Bankr.E.D.Wis. 2006), the court recognized the following in deciding whether to extend the stay (which it refused to do):

> Whatever particular factors the court considers, the essential inquiry is the same: has the debtor demonstrated both subjective and objective good faith? The subjective component requires the debtor to prove that the case was filed for a proper purpose. The objective component requires the debtor to prove that the case is likely to result in a bankruptcy discharge. When the debtor is a serial filer, the subjective component assumes a more critical role in the inquiry; no matter how feasible a plan appears on paper, it cannot succeed if the debtor has neither the intent nor the willingness to complete it. Therefore, a debtor's conduct in prior cases is a valid consideration in determining whether the present action is a legitimate effort to repay creditors or an abuse of the bankruptcy process.

The court further noted that "each case also was filed on the eve of foreclosure action to thwart a mortgage holder's attempts to enforce its foreclosure rights."  The same is true in the instant case. Each of the debtor's three bankruptcy cases were filed to thwart Byline's efforts to foreclose and proceed with a judicial sale.  And while the debtor made payments to the trustee in the Second Bankruptcy, she defaulted on other payments multiple times and was constantly delinquent in paying real estate taxes.

## **CONCLUSION**

Between the debtor's pattern of incomplete and inaccurate petitions and schedules and failure to comply with previous plans, the debtor has not demonstrated by clear and convincing evidence that the Third Bankruptcy was filed in good faith and, therefore, the debtor's Motion to

SKENIG/603039

extend the automatic stays should be denied.

Dated: July 3, 2024

*Byline Bank f/k/a North Community Bank*
*successor-by-merger to Plaza Bank*

By: /s/ Scott H. Kenig
      One of Its Attorneys

Scott H. Kenig (6198729)
Randall & Kenig LLP
455 N. Cityfront Plaza Drive
NBC Tower
Suite 2510
Chicago, Illinois 60611
Telephone:    312.822.0800
Facsimile:    312.822.0215
skenig@randall-law.com

9

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Cecilia Gonzalez |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | 21-01498 |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | | Sales Manager | Manager |
| Employer's name | | AFG Acosta Food Group LLC | AFG Acosta Food Group LLC |
| Employer's address | | 3616 W. Roosevelt Road<br>Chicago, IL 60624 | 3616 W Roosevelt Road<br>Chicago, IL 60624 |
| How long employed there? | | | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,800.00 | $ 4,800.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 2,800.00 | $ 4,800.00 |



EXHIBIT

1

Debtor 1    Cecilia Gonzalez                                        Case number (if known)  21-01498

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 2,800.00 | $ 4,800.00 |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 557.64 | $ 992.04 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 557.64 | $ 992.04 |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 2,242.36 | $ 3,807.96 |
| 8. | List all other income regularly received: | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly income. | 8a. | $ 1,975.00 | $ 0.00 |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 0.00 | $ 0.00 |
| 8f. | Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: | 8h.+ | $ 0.00 + | $ 0.00 |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,975.00 | $ 0.00 |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 4,217.36 + $ 3,807.96 = | $ 8,025.32 |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
Specify:
                                                                                    11.   +$              0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies
                                                                                    12.   $           8,025.32
                                                                                    Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
□ Yes. Explain:



Office of the Secretary of State



# Business Entity Search

## Entity Information

| Entity Name | AFG ACOSTA FOOD GROUP, LLC | | |
|---|---|---|---|
| Principal Address | 3616 W. ROOSEVELT RD. CHICAGO,IL 606240000 | | |
| File Number | 08692831 | Status | NGS on 05-01-2024 |
| Entity Type | LLC | Type of LLC | Domestic |
| Org. Date/Admission Date | 05-15-2020 | Jurisdiction | IL |
| Duration | PERPETUAL | | |
| Annual Report Filing Date | 00-00-0000 | Annual Report Year | 2024 |
| Agent Information | ANTELMA ACOSTA 3612 W ROOSEVELT RD CHICAGO, IL 60624-4225 | Agent Change Date | 05-15-2020 |

## Services and More Information

Choose a tab below to view services available to this business and more informat... business.



EXHIBIT
2

| Managers ↑ | Address |
| --- | --- |
| ACOSTA, ANTELMA | 3612 W. ROOSEVELT RD. CHICAGO, IL 60624 |

Showing 1 to 1 of 1 entries

Previous | 1 | Next



Office of the Secretary of State



# Business Entity Search

## Entity Information

| | | | |
|---|---|---|---|
| Entity Name | LDS FOOD DISTRIBUTORS INC. | | |
| File Number | 67661818 | Status | DISSOLVED on 04-14-2023 |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 11-19-2010 | State | ILLINOIS |
| Duration Date | PERPETUAL | | |
| Annual Report Filing Date | 00-00-0000 | Annual Report Year | 2022 |
| Agent Information | AMADO R. ACOSTA 3612 W ROOSEVELT RD CHICAGO ,IL 60624-4225 | Agent Change Date | 11-19-2010 |

## Services and More Information

Choose a tab below to view services available to this business and more information about this business.

EXHIBIT
3

| Officer | Name and Address |
|---|---|
| President | AMADO R ACOSTA 3612 W ROOSEVELT RD CHICAGO 60624 |

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 Proceeding |
| | § | |
| Amado R. Acosta, | § | Case No. 21-14160 |
| | § | |
| Debtor. | § | Hon. Timothy A. Barnes |

| | | |
|---|---|---|
| ProValley Foods, LLC, | § | |
|     Plaintiff, | § | |
| | § | ADVERSARY NO. 22-00040 |
| v. | § | |
| | § | |
| Amado R. Acosta, | § | |
|     Defendant. | § | |

## AGREED JUDGMENT OF NON-DISCHARGEABILITY
## AND SETTLEMENT OF PAYMENT PLAN

CAME ON TO BE CONSIDERED the Complaint to Determine Dischargeability of Debt [Dkt. No. 1] filed by ProValley Foods, LLC ("ProValley") as against Amado R. Acosta ("Acosta") (collectively, "the parties"). The Court finds that the parties have entered into an Agreed Judgment, as set out herein, and set out a settlement agreement, the material terms of which are incorporated herein. The parties also have reached agreements on other matters contained in the Motion to Approve Compromise and Settlement, filed contemporaneously, but not contained herein. The Court finds that the parties have stipulated that this is a Core proceeding and that the Court has jurisdiction to sign this Agreed Judgment. The Court further finds that the Complaint to Determine Dischargeability of Debt [Dkt. No. 1] was timely filed and that the parties have entered into this Agreed Judgment of their own free will and accord with the opportunity to consult counsel of their choise.

- 1 -


EXHIBIT
4

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that ProValley is awarded a judgment of $373,661.93, to be paid according to the terms of the settlement agreement discussed herein.

**IT IS, FURTHERMORE, ORDERED, ADJUDGED, AND DECREED** that Acosta has waived for all purpose any objections to the Adversary Complaint in the above styled and numbered cause and that the above-referenced Agreed Judgment is hereby declared to be non-dischargeable pursuant to 11 U.S.C. § 523.

**IT IS, FURTHERMORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiffs claims objecting to Defendant's discharge under 11 U.S.C. § 727(a)(2), (3), and (4) are denied.

The Court finds that this settlement agreement has good and sufficient consideration and is binding upon the parties hereto. The terms of the settlement as entered into by the parties are as follows:

1.      Acosta acknowledges a $373,661.93 non-dischargeable debt ("the Debt") owed by him to ProValley and shall incur post-judgment interest at the rate of 6% until paid.

2.      On or before July 31, 2023, Acosta shall pay or cause to be paid to ProValley the amount of $16,347.50. Beginning September 1, 2023 and for each month up to and including July 1, 2026, Acosta shall pay or cause to be paid to ProValley the amount of $1,500 per month by the first day of the month. Beginning August 1, 2026 and for each month up to and including October 1, 2033, Acosta shall pay or cause to be paid to ProValley the amount of $5,135.62 per month by the first day of the month. Acosta will make his final payment and pay off all remaining amounts due and owing on or before November 1, 2033. To the extent there are no unpaid late fees, Acosta's final payment on November 1, 2033 will be in the amount of $5,632.30. Such payments shall be made by ACH transfer to the IOLTA account of Terrazas PLLC.

3.    If three monthly payments are not received by ProValley by the 1st day of the respective month, the entire judgment shall become due and owing and ProValley shall have any and all rights of collection under the Agreed Judgment against Acosta to recover such judgment.

4.    The parties agree that they have entered into this Agreement on their own free will and accord and that there was no undue coercion or duress involved in entering into this Agreement.

5.    The parties agree that venue over any dispute concerning the terms of this Agreement shall be retained in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, over which such Court shall retain exclusive jurisdiction.

6.    The parties further agree that if any part of this Agreement is declared unenforceable, that the same portion shall be severed from the Agreement and the remainder portion of the Agreement shall be deemed to be enforceable and binding.

# # #

AGREED AS TO FORM AND SUBSTANCE:

TERRAZAS PLLC
1001 S. Capital of Texas Hwy
Bldg. L, Suite 250
Austin, Texas 78746
773-910-8804
jfoster@terrazaspllc.com

By: /s/ Jennifer A. Foster
Jennifer A. Foster
Counsel for ProValley Foods, LLC

CARRANZA LAW GROUP
5814 W. Cermak Road
Cicero, Illinois 60804
708-416-0034
fcarranza@frclaw.us

By: /s/
Fernando R. Carranza
Counsel for Amado R. Acosta

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Cecilia Gonzalez | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number   21-01498

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | |
|---|---|---|
| **3623-3625 W Roosevelt Road** | | |
| Street address, if available, or other description | | |
| | | |
| **Chicago** **IL** **60624-0000** | | |
| City     State     ZIP Code | | |
| | | |
| **Cook** | | |
| County | | |

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☑ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Vacant Lot**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $30,000.00 | $15,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ Check if this is community property (see instructions)

EXHIBIT
5

Debtor 1   Cecilia Gonzalez                    Case number *(if known)*   21-01498

**If you own or have more than one, list here:**

**1.2**

3616-3618 W Roosevelt Road
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☑ Other   **Warehouse**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$85,000.00**

Current value of the portion you own? **$42,500.00**

Chicago    IL    60624-0000
City      State      ZIP Code

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Cook
County

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**If you own or have more than one, list here:**

**1.3**

3612-3614 W Roosevelt Road
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home
☑ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$135,000.00**

Current value of the portion you own? **$67,500.00**

Chicago    IL    60624-0000
City      State      ZIP Code

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Cook
County

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Store Front and 2 apartments**

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..................................................=> | **$125,000.00**

**Part 2:**    Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    Cecilia Gonzalez                                           Case number *(if known)*   21-01498

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
☑ Yes

| 3.1 | Make: **JEEP** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

3.1   Make: **JEEP**
Model: **WRANGLER**
Year: **2018**
Approximate mileage: **19440**
Other information:

Who has an interest in the property? *Check one*
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?         Current value of the portion you own?

$20,100.00                                    $20,100.00

3.2   Make: **HONDA**
Model: **Odyssey**
Year: **2011**
Approximate mileage: **173,456**
Other information:

Who has an interest in the property? *Check one*
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?         Current value of the portion you own?

$3,000.00                                     $3,000.00

3.3   Make: **Ram**
Model: **Promaster 15**
Year: **2019**
Approximate mileage: **7300**
Other information:

Who has an interest in the property? *Check one*
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?         Current value of the portion you own?

$26,400.00                                    $26,400.00

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

### 5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................=>

$49,500.00

**Part 3:**   Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
☑ Yes. Describe.....

| Living Room Dining Room Bed Room Set over 6 years old | $600.00 |
|---|---|

Debtor 1    Cecilia Gonzalez                                    Case number *(if known)*    21-01498

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
■ Yes. Describe.....

| | |
|---|---|
| 55 inch Flat Screen Visio Television | $400.00 |
| MacChrome Book | $900.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

| | |
|---|---|
| Necessary wearing apparel,Shoes and Outerwear | $400.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes. Describe.....

| | |
|---|---|
| Costume Jewlery<br>Ring | $350.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................** $2,650.00

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

Debtor 1    Cecilia Gonzalez _____    Case number *(if known)*    21-01498

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes.....................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes........................                       Institution name:

|  | 17.1. | Checking | Bank of America | $800.00 |
|---|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................                       Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
                       Name of entity:                       % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
                       Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
                       Type of account:                       Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ....................                       Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes.............                       Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............                       Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

Debtor 1    Cecilia Gonzalez    Case number *(if known)*    21-01498

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☑ No
☐ Yes. Give specific information about them...

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☑ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
☑ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☑ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:                                    Beneficiary:                     Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
☑ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
☑ No
☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☑ No
☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
☑ No
☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.............................................................................................................................    $800.00

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
☑ No. Go to Part 6.
☐ Yes. Go to line 38.

Debtor 1   **Cecilia Gonzalez**

Case number *(if known)*   **21-01498**

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Part 7:**   Describe All Property You Own or Have an Interest in That You Did Not List Above

53.  **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

$0.00

**Part 8:**   List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55.  **Part 1: Total real estate, line 2** ..................................................................................................... | | $125,000.00 |
| 56.  **Part 2: Total vehicles, line 5** | $49,500.00 | |
| 57.  **Part 3: Total personal and household items, line 15** | $2,650.00 | |
| 58.  **Part 4: Total financial assets, line 36** | $800.00 | |
| 59.  **Part 5: Total business-related property, line 45** | $0.00 | |
| 60.  **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61.  **Part 7: Total other property not listed, line 54** + | $0.00 | |
| 62.  **Total personal property.** Add lines 56 through 61... | $52,950.00 | Copy personal property total   $52,950.00 |

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62

$177,950.00

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Cecilia Gonzalez | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number   1:24-bk-8537

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once.   If an asset fits in more than one category, list the asset in the category where you think it fits best.   Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☒ Yes.   Where is the property?

1.1

3612 W. Roosevelt Road
Street address, if available, or other description

Chicago      IL      60624
City      State   ZIP Code

Cook
County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☒ Other   Commerical

**Who has an interest in the property?** Check one

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $325,000.00 | $325,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
Fee Simple

☐ Check if this is community property (see instructions)

8,810? square foot, masonry constructed, two-story mixed-use, commercial and residential development with one commercial unit and two apartments. The apartments are comprised of 2 bedrooms and 1 bath each. The retail unit is approximately 5,265? square feet. The building has no basement and is used for storage. About 30% of the 1st floor is used
for cold storage. The enclosed garage is included in the gross building area.

EXHIBIT
tabbies
6

Debtor 1    Cecilia Gonzalez

Case number *(if known)*    1:24-bk-8537

---

1.2 If you own or have more than one, list here:

3625 W. Roosevelt Road

Street address, if available, or other description

Chicago        IL        60624

City        State        ZIP Code

Cook

County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Commerical Vacant Lot

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $40,000.00 | $40,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Fee Simple

☐ Check if this is community property (see instructions)

---

1.3 If you own or have more than one, list here:

3614-20 W. Roosevelt

Street address, if available, or other description

Chicago        IL        60624

City        State        ZIP Code

Cook

County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☒ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Warehouse

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $135,000.00 | $135,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Fee Simple

☐ Check if this is community property (see instructions)

---

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**..........................................................=>

| $500,000.00 |
|---|

---

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    Cecilia Gonzalez                                    Case number *(if known)*   1:24-bk-8537

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☒ Yes

| | | |
|---|---|---|
| 3.1 Make: Jeep | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on Schedule D: Creditors Who Have Claims Secured by Property. |
| Model: Wrangler | ☒ Debtor 1 only | |
| Year: 2018 | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Approximate mileage: | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $10,000.00   $10,000.00 |

| | | |
|---|---|---|
| 3.2 Make: Ram | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on Schedule D: Creditors Who Have Claims Secured by Property. |
| Model: Promaster | ☒ Debtor 1 only | |
| Year: 2019 | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Approximate mileage: | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $15,000.00   $15,000.00 |

| | | |
|---|---|---|
| 3.3 Make: Honda | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on Schedule D: Creditors Who Have Claims Secured by Property. |
| Model: Odyssey | ☒ Debtor 1 only | |
| Year: 2011 | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Approximate mileage: | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $2,000.00   $2,000.00 |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☒ No
☐ Yes

5   **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here**.................................................................=>    $27,000.00

**Part 3:  Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?                          Current value of the portion you own? Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ☒ Yes.   Describe.....

    Living Room Dining Room
    Bed Room Set over 6 Years old                                                    $600.00

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
    ☐ No
    ☒ Yes.   Describe.....

Case 24-08537   Doc 11   Filed 06/17/24   Entered 06/17/24 18:35:56   Desc Main
Document   Page 4 of 26

| Debtor 1 | Cecilia Gonzalez | | Case number *(if known)* | 1:24-bk-8537 |
|---|---|---|---|---|

| 55 inch Flat Screen Video Television | | $400.00 |
|---|---|---|
| MacChrome Book | | $900.00 |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☒ No
   ☐ Yes.   Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☒ No
   ☐ Yes.   Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☒ No
    ☐ Yes.   Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☒ Yes.   Describe.....

| Necessary wearing | | $600.00 |
|---|---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☒ No
    ☐ Yes.   Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☒ No
    ☐ Yes.   Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☒ No
    ☐ Yes.   Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| | $2,500.00 |
|---|---|

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☒ No
    ☐ Yes................................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ☒ Yes........................                                        Institution name:

| 17.1. | Checking | Bank of America | $1,000.00 |
|---|---|---|---|

Case 24-08537   Doc 11   Filed 06/17/24   Entered 06/17/24 18:35:56   Desc Main
Document   Page 5 of 26

| Debtor 1 | Cecilia Gonzalez | | Case number *(if known)* | 1:24-bk-8537 |

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
☒ No
☐ Yes.................   Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
☒ No
☐ Yes.   Give specific information about them...................
Name of entity:   % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
☒ No
☐ Yes. Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☒ No
☐ Yes. List each account separately.
Type of account:   Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
☒ No
☐ Yes. .....................   Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
☒ No
☐ Yes............   Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
☒ No
☐ Yes............   Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☒ No
☐ Yes.   Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
☒ No
☐ Yes.   Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☒ No
☐ Yes.   Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
☒ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☒ No
☐ Yes. Give specific information......

Debtor 1    Cecilia Gonzalez _____    Case number *(if known)*   1:24-bk-8537 _____

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,    workers' compensation, Social Security
   benefits; unpaid loans you made to someone else
   ☒ No
   ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ☒ No
   ☐ Yes. Name the insurance company of each policy and list its value.

|                    | Company name:         | Beneficiary:          | Surrender or refund value: |
|--------------------|-----------------------|-----------------------|----------------------------|

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
   someone has died.
   ☒ No
   ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ☒ No
   ☐ Yes.   Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ☒ No
   ☐ Yes.   Describe each claim.........

35. **Any financial assets you did not already list**
   ☒ No
   ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
   for Part 4. Write that number here**.................................................................................................................    $1,000.00

---

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ☒ No. Go to Part 6.
   ☐ Yes.   Go to line 38.

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
   If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ☒ No. Go to Part 7.
   ☐ Yes.   Go to line 47.

**Part 7:**   Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ☒ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here**  .....................................    $0.00

Debtor 1     Cecilia Gonzalez

Case number *(if known)*   1:24-bk-8537

| Part 8: | List the Totals of Each Part of this Form |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 55. | **Part 1: Total real estate, line 2** .................................................................................................... | | $500,000.00 |
| 56. | **Part 2: Total vehicles, line 5** | $27,000.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $2,500.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $1,000.00 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** + | $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | $30,500.00   Copy personal property total | $30,500.00 |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | $530,500.00 |